NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT, | : : : : : | Civ. No. 09-1629 (AET) **MEMORANDUM & ORDER** |
| Plaintiff, | : : | |
| v. | : : | |
| RICHARD FULD, et al., | : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion for Certification [48] of the Court's June 25, 2009 Order. The Court considers the instant motion pursuant to 28 U.S.C. § 1292(b). The Court has decided the motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

BACKGROUND

On March 17, 2009, Plaintiff filed suit in the Superior Court of New Jersey alleging three counts of violations of the Securities Act of 1933 and four counts alleging violations of state laws. On April 6, 2009, Defendants filed a Notice of Removal [1], pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, 1452(a). On April 22, 2009, Plaintiff filed a Motion to Remand [11]. On April 24, 2009, Defendants filed a Motion to Stay [14] the matter, pending a ruling from the

Multi-District Litigation ("MDL") Panel's decision to hear the matter in the Southern District of New York ("S.D.N.Y.").

On April 29, 2009, the Court held a telephonic conference denying Defendants' application to suspend briefing on the Remand Motion, suspended briefing on the Stay Motion, and directed briefing on the Remand Motion to continue.  On April 30, 2009, the MDL Panel issued a Conditional Transfer Order ("CTO") conditionally transferring the matter to the S.D.N.Y.  On May 14, 2009, Plaintiff filed an objection to the CTO.  On June 11, 2009, the Court held oral arguments on Plaintiff's Motion to Remand.  On June 25, 2009, this Court issued a Memorandum & Order [43] denying Plaintiff's Motion to Remand.

On July 10, 2009, Plaintiff filed the instant motion, pursuant to 28 U.S.C. § 1292(b), seeking certification for interlocutory appeal.  Plaintiff presents two questions for potential certification: how to resolve the statutory conflict between 28 U.S.C. § 1452(a) and Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a); and, whether indemnification and contribution claims form the basis of "related-to" jurisdiction under the provisions of 28 U.S.C. §§ 1334(b) and 1452(a).  On August 10, 2009, the MDL Panel issued an Order vacating the CTO.  For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

## DISCUSSION

A.    Standard of Review

A district court may certify an order for interlocutory appeal when the party seeking certification shows that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for a difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); Katz v.

Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).  "The district court should certify an order for immediate appeal only if all three requirements identified in Section 1292(b) are met. Moreover, the burden is on the movant to demonstrate that all three requirements have been satisfied."  In re G-I Holdings, 2005 U.S. Dist. LEXIS 31887, at *6  (D.N.J. Dec. 9, 2005).  "Even if Section 1292(b) criteria are present, permission to appeal is wholly within the discretion of the district courts."  Id.  Additionally, certification "should be sparingly applied and used only in exceptional circumstances."  Id.  Certification was not "intended merely to provide review of difficult rulings in hard cases."  United States ex rel. Hollander v. Clay, 420 F. Supp. 853, 859 (D.D.C. 1976).

      1.     Controlling question of law.

When deciding if a question of law is a "controlling question of law," the Court finds guidance from the Third Circuit's opinion in Katz.  496 F.2d at 755.  Though it is true that "a controlling question of law must encompass, at the very least, every order which, if erroneous, would be reversible error on final appeal," the Court is not bound by such a strict framework.  Id.  In fact, in Katz, the Third Circuit explained that a question can be controlling if it "is serious to the conduct of the litigation, either practically or legally."  Id.

      2.     Substantial ground for difference of opinion.

Section 1292(b)'s second factor, that there be substantial ground for a difference of opinion, must arise out of a genuine doubt or conflicting precedent as to the correct legal standard.  Royal Ins. Co. of America v. K.S.I. Trading Corp., 2006 WL 1722358, at *3 (D.N.J. June 19, 2006).  "Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion" as can "the absence of controlling law on a particular issue."  Knipe v.

Smithkline Beecham, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008)(citations omitted). However, when there are not conflicting precedents that control, substantial grounds for a difference of opinion may exist when the court is faced with issues of statutory interpretation that are somewhat novel and complex." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 494 F. Supp. 1190, 1243 (E.D. Pa. 1980)

      3.      <u>Whether certification materially advances the ultimate termination of litigation.</u>

To determine whether certification will materially advance the ultimate termination of litigation, a district court should examine whether an immediate appeal would: "(1) eliminate the need for trial; (2) eliminate complex issues so as to simplify the trial; or (3) eliminate issues to make discovery easier and less costly." Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994).

B.      Plaintiff's Motion for Certification

      1.      <u>The statutory tension between Section 1452(a) and Section 22(a).</u>

Section 22(a) of the Securities Act states "no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. §77v(a). Section 1452(a) explains that a "party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334." 28 U.S.C. § 1452(a). Section 1334 explains that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The Court notes that, in this case, the tension between Section 1452(a) and Section 22(a)

implicates the Court's subject matter jurisdiction. Carlisle v. United States, 517 U.S. 416, 434-35 (1996). Furthermore, as prior courts have noted, jurisdiction issues are classic examples of controlling questions of law. New Jersey Protection & Advocacy, Inc. v. New Jersey Dep't of Educ., 2008 WL 4692345, at *4 (D.N.J. October 8, 2008). Nonetheless, the Court is aware of the statutory tension between Section 1452(a)'s bankruptcy removal provision and Section 22(a)'s apparent bar on removal, and concludes that this question meets the three-factor framework, codified in Section 1292(b), to form the basis of certification for an interlocutory appeal.

First, it is clear that the question presented by the conflict between these two statutes is a controlling question of law. Katz, 496 F.2d at 755. Were the Court to have decided this question of first impression within the Third Circuit in a different way, it is clear that that ruling would be serious to the conduct of the litigation, both practically and legally. Thus, the Court concludes that Plaintiff's statutory conflict question is a controlling question of law.

Furthermore, the statutory question presented by Plaintiff's certification request yields substantial ground for a difference of opinion. As indicated previously, the Third Circuit has not addressed the question of how to resolve the statutory conflict between Section 1452(a) and Section 22(a). In fact, only one other Circuit has opined on the issue. The absence of precedent in the Third Circuit, and the fact that this question is one of statutory interpretation involving complex issues, about which there is substantial ground for a difference of opinion, qualify it for Section 1292(b) certification.

Lastly, the Court is persuaded that Section 1292(b) certification of the statutory conflict question would materially advance the ultimate termination of the litigation. Were the Third Circuit to affirm this Court's June 25, 2009 Order, this matter could join many others arising out

of similar facts, filed throughout the country, currently pending before the MDL panel in the S.D.N.Y. for discovery and other pretrial proceedings. If, however, the Third Circuit were to conclude that remand was appropriate, the matter could proceed in the Superior Court of New Jersey, Mercer County, perhaps streamlined separate and apart from matters pending before the MDL, for a more prompt resolution in that court. Therefore, the Court concludes that the third prong of the Section 1292(b) analysis is satisfied and that the statutory conflict question warrants Section 1292(b) certification.

  2. "Related-to" jurisdiction under 28 U.S.C. §§ 1334(b) and 1452(a).

Plaintiff also seeks Section 1292(b) certification of the question of "related-to" jurisdiction under 28 U.S.C. §§ 1334(b) and 1452(a). As indicated above, Section 1334 explains that "the district courts shall have original, but not exclusive, jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Plaintiff objects to the Court's conclusion that indemnification and contribution claims are of sufficient relation to Lehman's bankruptcy proceedings, such that they confer "related-to" jurisdiction, as outlined in Section 1334(b). 28 U.S.C. § 1334(b)  The Court is not persuaded that Plaintiff has justified Section 1292(b) certification on this second question.

As an initial matter, it does appear to the Court that the second question is a controlling question of law because it is serious to the litigation both legally and practically. Therefore, it meets the first prong of the Katz framework. The second prong of the Katz framework, however, requires substantial ground for a difference of opinion. Katz, 496 F.2d at 755. The Court, in its June 25, 2009 Order, examined and rejected Plaintiff's argument that the individually-named Defendants' indemnification and contribution claims are not of sufficient relation to Lehman's

bankruptcy.  The Court found jurisdiction based on Section 1334(b) and Section 1452(a) proper, and cited consistent support for its conclusion from Third Circuit precedent.

It appears that Plaintiff's arguments in support of certifying the "related-to" question flow from a difference of opinion with the Court, and not from a genuine doubt as to the correct legal standard.  As courts have previously held, "mere disagreement with the district court's ruling does not constitute a substantial ground for difference of opinion within the meaning of [Section] 1292(b)."  Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).  Therefore, because the "the court should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis," In re chocolate Confectionary Antitrust Litig., 607 F.Supp. 2d. 701, 705 (M.D. Pa. 2009)(citations omitted), the Court concludes there is not genuine doubt as to the correct legal standard applicable to this question.  Therefore, the Court concludes Section 1292(b) certification is improper on Plaintiff's "related-to" argument.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 31st day of August, 2009,

ORDERED that Plaintiff's Motion for Certification of the Court's June 25, 2009 Order [48] is GRANTED in part and DENIED in part.

                                                      s/ Anne E. Thompson
                                                   ANNE E. THOMPSON, U.S.D.J.